(125 So. 875)

No. 24727.

## DECKER v. DECKER.

May 20, 1929. On the Merits Jan. 6, 1930.

Henry L. Garland and Lewis L. Morgan, both of New Orleans, for appellant.

L. V. Cooley, Jr., of Slidell, for appellee.

On Motion To Dismiss Appeal.

LAND, J. J. W. Decker, plaintiff, died at his domicile at Slidell, La., May 27, 1924.

Mrs. Annie Decker, defendant, died at Picayune, Miss., December 7, 1924.

On January 25, 1929, the heirs of plaintiff and the heirs of defendant were made parties by the order of this court, and the latter heirs, being nonresidents, were ordered to appear and become parties to the suit within three months from the publication of the order, which was published in the Herald, a weekly paper in Algiers, Orleans parish, La., on February 7, February 28, and March 21, 1929.

A motion to dismiss the appeal has been made on the ground that the heirs of the deceased defendant have failed to appear and make themselves parties to the suit within three months from date of publication of the order, and, in the alternative, movers pray that the cause be heard and determined as in other cases.

The order relied upon by movers was issued in accordance with section 3 of rule XVII of the court rules of the Supreme Court. which provides that: "If the proper representative of the appellant or appellee, who has died pending the appeal, be not known, or does not reside *within* the state, the opposing party may, on affidavit, obtain an order that, unless he shall appear and become a party, the appeal will be dismissed. Such order shall be addressed to the party *by registered mail*, where the address is *known*, and shall be published, in English, three times within sixty days from date of order, fifteen days to intervene between publications, in a newspaper printed in the place where the court sits, and, *upon proof of such publication, and such mailing, where the address is known*, and, in default of appear-

ance, the appeal *may be* dismissed, or the cause heard and determined, as in other cases."

In the application for the order for publication made by movers, the names of the heirs of the deceased defendant are given, together with their respective places of residence and street numbers, and with the rural route address of one of the heirs living near Concord, Tenn. The other heirs live in Knoxville in the same state.

The addresses of these heirs were known to movers. Consequently these heirs were entitled to have the order of this court of date January 25, 1929, forwarded to each of them by registered mail, in addition to the publication of this order in a newspaper published in the place where the court sits.

There is no proof in the record that this order has been sent by registered mail to these heirs, in addition to the publication of the order in a newspaper in the place where the court sits, as is required by section 3 of rule XVII of this court. Notice in the present case of the order by registered mail is as essential as notice of the order by publication, since notice by both of these methods is in the nature of a citation of the parties, is expressly required by the rule of this court, and must be strictly complied with.

Besides, in answer to the motion to dismiss, the heirs of the deceased defendant have made themselves parties to this suit, and oppose the motion on the ground that they and their counsel of record were not aware of this motion, or of any motion to make them parties to this suit until April 20, 1929, when their answer was filed.

For the reasons assigned, it is ordered that the motion to dismiss the appeal be denied, and that the case be heard and determined in due course.

O'NIELL, C. J., absent, takes no part.

## On the Merits.

OVERTON, J. On December 14, 1914, plaintiff filed suit against his sister, the defendant herein, for $2,203.31, with 5 per cent. per annum interest thereon from judicial demand until paid. Interrogatories on facts and articles were attached to the petition, addressed to defendant. These interrogatories were answered by defendant orally in open court, on the same day on which the suit was filed. In her answers to the interrogatories, defendant admitted the correctness of the indebtedness sued upon, and judgment by confession was immediately rendered and signed in favor of plaintiff for the full amount of his demand.

No attempt was made to execute the judgment until five years later, when plaintiff caused a writ of fieri facias to issue from it, and seized some real estate and jewelry belonging to defendant.

After this seizure was made, defendant, whom we shall hereafter refer to as the plaintiff in injunction, filed a petition, in the same suit in which the foregoing judgment was rendered, to annul that judgment, and reopen the case in which it was rendered, to allow her an opportunity to show overcharges in the claim upon which it was rendered, and, in any event, to enjoin the execution of the judgment until an accounting could be had between her and the defendant in injunction. A preliminary injunction issued in July, 1919.

The main position of plaintiff in injunction is that she did not owe defendant in injunction anything like the amount for which judgment was rendered against her, and that she would not have permitted judgment for that amount to have been rendered had not defendant in injunction authorized in writing the same attorney, which she had selected, to adjust the differences between them, and had defendant in injunction not con-

sented to be bound by the adjustment made; that no adjustment has been made; and that it was ill practice on the part of defendant in injunction to issue execution from the judgment without the agency of the attorney selected by them to adjust their differences.

The record discloses that, on the day on which the suit was filed for the moneyed judgment, and on which the judgment was rendered, defendant in injunction irrevocably appointed an attorney by written instrument to enter suit against plaintiff in injunction for $2,203.31, the amount of the judgment rendered, and to make any compromise or settlement with her, which in his judgment would be reasonable, binding himself to approve what his attorney might do, and agreeing to allow him one-half of what he might recover.

The record does not disclose that any fraud was practiced by defendant in injunction against plaintiff, or that any ill practices were resorted to against her, to obtain the judgment rendered. In fact, the judgment was obtained at her suggestion. If there is any error in it, plaintiff in injunction, as aptly observed by the trial judge, has only herself to blame. If there is error in the judgment, which defendant in injunction does not concede, plaintiff therein was in possession of sufficient facts to have had knowledge of the existence of error at the time she confessed judgment by her answers in open court.

The judgment is absolute upon its face. It is one rendered in answer to interrogatories on facts and articles and by confession in open court. There is nothing in the power of attorney, executed by defendant in injunction, which indicates that there was to be an adjustment between the parties, to ascertain the amount really due, after the rendition of judgment. The record, in other respects, will not justify us in annulling the judgment in order that an accounting may be had between the parties, or to restrain its execution to inquire into its verity, and to give plaintiff in injunction credit for alleged errors therein, after an accounting to be had. As such is the case, there is no legal reason why defendant in injunction cannot proceed with the execution of the judgment.

The petition also sets forth other grounds for enjoining the sale, under the seizure made, but these are not discussed in the briefs filed in support of the injunction, and, moreover, are not sustained by the record.

The trial judge rendered judgment, refusing to annul the judgment attacked, and dissolving the writ of injunction. Since the rendition of the judgment, plaintiff in injunction has died, and her heirs have been made parties to this appeal in her place.

The judgment is affirmed.

O'NIELL, C. J., absent.